UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DONALD LEE SMITH                                                                              PLAINTIFF

v.                                                                    CIVIL ACTION NO. 4:15CV-P59-JHM

HOPKINS COUNTY JAIL *et al.*                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on initial review of Plaintiff Donald Lee Smith's *pro se* complaint pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Court will allow Plaintiff to amend his Eighth Amendment claims of denied medical and mental health treatment and of placement in a top bunk, and the Court will dismiss all other claims.

**I.  SUMMARY OF CLAIMS**

In the complaint, Plaintiff advises that he is a convicted prisoner incarcerated at the Hopkins County Jail, where the alleged incidents in the complaint have been taking place.  He brings this action pursuant to 42 U.S.C. § 1983 against the Hopkins County Jail (HCJ) and the following HCJ Defendants in their official capacity:  Sgt. Coy, Sgt. Lampton, Head Nurse Jodie Blake, and Jailer Joe Blue.

Plaintiff divides his claims into two sections.  In the first section, he alleges that upon entering the HCJ on March 26, 2015, his and several other inmates' property was searched to determine what they could keep.  He then claims as follows:

> They took what we could'nt have and placed in our property and locked away.  They threw away any open canteen items and placed the rest with property I could keep in my cell.  They took it upon themselves because I came with blood pressure medicine that I should go to a medical cell for observation without checking my blood pressure to make sure it was'nt high.  Because of Diabetics being in the cell as well canteen was'nt allowed in the cell.  On 4/1/15 I was told my canteen was disgarded.  I had $50

>worth of allowable canteen items which they sell most of them, and on 4/6/15 I was told by Sgt Coy on requisition form that I wrote to Capt. Lewis that I would not be reimbursed! At this facility when an inmate goes to segregation their canteen is placed in there property until their seg. Time is up and then returned.

In the second section of claims, Plaintiff alleges that upon entering the HCJ on March 26, 2015, "medicine that came with me from Louisville Metro County Jail were taken from me without notice or reason! It was part of my blood pressure medicine and seizure medicine. My medical file reflects this and they totally disregard the info they have on me." He additionally alleges that he has "mental issues that I am trying to get a hold of and they are not trying to remedy anything!" Finally, Plaintiff asserts that he is bottom bunk restricted but "they have me on a top bunk . . . . I don't sleep for fear of falling off extremely high bunk! I'm in danger here!"

As relief, Plaintiff seeks monetary and punitive damages and an injunction "moving me closer to home."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

2

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

The Court will dismiss the claims against HCJ because it is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against the HCJ are against Hopkins County as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *see also Blay v. Daviess Cty. Det. Ctr.*, 4:07CV-P69-M, 2007 WL 2809765, at *1 (W.D. Ky. Sept. 25, 2007); *Fambrough v. Vaught*, 4:06CV-P130-M, 2007 WL 891866, at *1 (W.D. Ky. Mar. 21, 2007) ("[T]he claims against the detention center are also against [the County] as the real party in interest."); *Smallwood v. Jefferson Cnty. Gov't*,

743 F. Supp. 502, 503 (W.D. Ky. 1990) (suit against fiscal court is actually suit against county itself).

All of the remaining Defendants are sued in their official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against the HCJ Defendants are actually against Hopkins County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the

4

policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Hopkins County. In fact, Plaintiff alleges that the taking of his canteen items while in a medical cell went against jail policy of placing canteen items in property until release from segregation. Accordingly, the complaint fails to establish a basis of liability against Hopkins County and fails to state a cognizable § 1983 claim. Therefore, the claims against the HCJ and the official-capacity claims against all Defendants will be dismissed.

Plaintiff did not sue any Defendants in their individual capacity. "[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In the instant case, given Plaintiff's claims that he is being denied medical and mental health treatment and being placed on a top bunk despite his medical conditions, the Court will allow him to amend these Eighth Amendment claims to name as Defendants in their individual capacity the person or persons who he claims engaged in the alleged wrongdoing. Plaintiff does not allege what part, if any, that any of the named Defendants (Coy, Lampton, Blake, and Blue) played in the denial of treatment and placement in the top bunk. If any of these Defendants played a role in this alleged wrongdoing, Plaintiff must sue these Defendants in their individual capacity and describe the facts surrounding how each Defendant violated the Eighth Amendment.

The Court will not allow Plaintiff to sue Defendants in their individual capacity with respect to his first claim that $50.00 of canteen items were discarded because that claim is futile, that is, destined to fail. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)). In order to assert a constitutional claim for deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *See Parratt v. Taylor*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff fails to state a claim under the Due Process Clause, thereby rendering any amendment of that claim futile.

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claims against the HCJ and Defendants Coy, Lampton, Blake, and Blue in their official capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that any amendment of Plaintiff's Fourteenth Amendment due process claim would be futile as it fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

Finally, **IT IS ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may amend the complaint to name those person or persons involved in his Eighth Amendment claims that he is being denied medical and mental health treatment and being placed in a top bunk; to sue them in their individual capacity; and to describe the facts surrounding each persons' involvement in his claims.

The Clerk of Court is **DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with six blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

**Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the entire action.**

Date: November 2, 2015

                             Joseph H. McKinley, Jr., Chief Judge
                                  United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Hopkins County Attorney
4414.005